## WALLACE *v.* BEAR RIVER WATER AND MINING CO..

A PLEA, professing to answer the whole complaint, but in fact only answering one of the two counts, is bad. This was the rule at common law, and it applies under our system.

Though certain defenses, by way of set-off, are pleaded in the answer in a very informal and inartificial manner, still, if the facts showing that they constitute valid claims against the plaintiff are sufficiently stated, the defenses ought not to be struck out. See facts.

APPEAL from the Eleventh District.

Suit by plaintiff for nine hundred and eighty-five dollars, for services as ditch agent for defendants. The complaint, verified, contains one count for services rendered during ten months from October, 1859, at one hundred and twenty-five dollars per month; and another count upon an account stated for services as such agent. Defendants filed an answer: first, denying, in substance, that there ever had been any settlement of accounts between the parties, and averring that the account was still open, and that defendants had paid plaintiff in advance more money than is due him for his services; and second, setting up that, when defendants employed plaintiff as ditch agent, he represented himself as well acquainted with the business, and promised to devote his whole time to defendants' interests, and to obey their directions, rules and regulations; that it was especially his duty to see that the ditch was kept free from sediment, sand, mud, tailings, etc., to sell water to miners, with care and good management, so as to obtain for defendants the greatest profits, and to collect and pay over to defendants the proceeds of such sales; but that plaintiff failed in all these duties knowingly and willfully, and permitted the ditch to become filled up so as to carry but little water, whereby the sale of water was lost, and large sums of money required to be expended in cleaning out the ditch to the damage of defendants $1,000. Defendants further allege, that on the ——— day of ———, 1853, they were the owners and in possession of, and now are the owners and entitled to the possession of, certain lands and premises situated in Placer county, California, known as and included in the Kentucky Reservoir, and flowed by the water thereof, and located as

follows: [no further description being given] and defendants further allege, that plaintiff, with knowledge of defendants' rights in the premises, and with intent to defraud and injure defendants, and while in their employment, entered upon said lands, and dug and took therefrom large quantities of gold, valued at $1,000, and converted the same to his own use, and has failed to account to defendants for the same, and is now indebted to them in said sum. Defendants further allege, that on the —— day of ——, 1860, plaintiff, representing himself to be the owner of said lands, sold the same to one —— and —— for the price of seven hundred and fifty dollars, and said purchasers have continued to mine on said lands, and plaintiff has failed to account with defendants for said seven hundred and fifty dollars, so received by him to and for the use of defendants, and is now indebted to them for said sum. Defendants further allege, that while plaintiff was working said lands, to wit: from about November, 1859, to June, 1860, he, to the neglect of his duties, and to the damage of defendants, and to enable him to prosecute his said work, refused to permit said reservoir to become filled with water, as was necessary in order to husband and save the same, but permitted large quantities thereof to pass through said reservoir and flow off and become wasted, and the sale thereof lost to defendants; that the quantity thus lost was equal to forty inches, or two sluice heads, per day, and was worth fifteen dollars per head per week, the whole loss of water amounting to eight hundred dollars, in which sum defendants have been damaged by the wrongful neglect of plaintiff, and for which he is now indebted to them. Defendants further allege, that during said time plaintiff used in his said working about $1,600 worth of water belonging to defendants, which he has neglected to account for, etc. Defendants further allege, that they were owners of fifty thousand feet of lumber and timber, constructed by defendants at great cost into a flume to conduct the water of defendants to Crow's Flat, worth fifteen dollars per thousand feet, and that plaintiff took down and removed said flume, and converted the lumber and timber thereof to his own use, and failed to account to defendants for the value thereof, to wit: $1,000, and is now indebted to them therefor; and is also liable to defendants for the damage by them sustained ·

by reason of removing said flume, to wit: $1,000.   Defendants further allege, that it was a rule of theirs that their agents should not be engaged by themselves or with others in any mining claims or enterprises, of which rule plaintiff was aware, but nevertheless engaged in several such claims and enterprises, to the damage of defendants by taking his time and attention from his duties as defendants' agent, whereby defendants suffered great loss, and by the careless manner in which plaintiff worked his claims and allowing the sediment and tailings therefrom to run down into and upon defendants' ditches, filling them up, and putting defendants to five hundred dollars expense in cleaning them out, which sum plaintiff is liable to pay defendants; and by allowing large and unusual quantities of water to be used in working his claims at the prices charged for the ordinary quantity of water used in such and similar mining works, and by plaintiff's neglect of said rules and directions, defendants have been damaged $1,000, which plaintiff is liable to pay.   Wherefore, considering the premises, defendants say they are not indebted to plaintiff as alleged or otherwise; but for damages sustained by them by the wrongful acts of plaintiff, and by the neglect of his duties as agent, and disregard of the rules and instructions of defendants, by the filling up of their ditches, by the escape of water through said reservoir, and by the removal of said flume, for the gold, timber and lumber of defendants taken by plaintiff and converted to his own use; for money received by plaintiff to and for the use of defendants on sale of said grounds and otherwise, and for money paid to plaintiff by defendants at his request, and for water of defendants used by plaintiff for mining purposes, plaintiff is indebted to them in the sum of over $6,000, for which defendants ask judgment.

To this answer plaintiff demurred on the ground that it was insufficient in law as a defense or counter claim; and at the same time moved to strike out all that part of the answer setting up affimative matter, on the ground that it is irrelevant, redundant and immaterial, and constitutes no defense or statement of a counter claim.   The Court sustained both the demurrer and the motion to strike out.   Plaintiff then filed a replication denying the matters set up in the balance of the answer, and upon trial, verdict and

judgment were rendered for plaintiff in the sum claimed. Defendants appeal.

*A. S. Higgins* and *Heydenfeldt*, for Appellants, cited Pr. Act, secs. 46, 47, 49; 8 How. Pr. R. 122; 12 Id. 310; 13 Id. 248; 2 Duer, 642; Story's Agency, secs. 192, 207, 224.

*Tuttle & Hillyer*, for Respondent, cited *Hensley* v. *Tartar*, 14 Cal. 509; 4 Abbott, 421; 10 Cal. 22; 3 Abbott, 187; 1 Chitty Pl. 293–5; 14 How. Pr. R. 97.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The complaint in this case contains two counts—one upon an account stated, and the other upon a contract for services. The answer denies in part the allegations of the complaint, and, as originally filed, set up a mass of affirmative matter in defense of the action. The plaintiff demurred to this matter, and also moved to strike out, and the Court sustained both the demurrer and the motion. The action of the Court in that respect is assigned as error. , In drawing the answer but little attention has been paid to the rules of pleading, and some parts of it are involved in hopeless and inextricable confusion. The averments run into each other in such a manner as almost to defy the possibility of separation, and are quite incapable of being reduced to anything like the proper legal precision. Some of the defenses are badly pleaded, for the reason that professing to answer the whole complaint, they can only be regarded as applicable to the second count. The injuries resulting from the conduct of the plaintiff in his capacity of agent are of that character; and it is a settled rule of pleading, that a plea must answer all that it professes to answer. There is as much reason for the enforcement of this rule under our system as at common law, and the Courts of New York have always acted upon it under the code of procedure of that State. This objection does not extend, however, to certain demands relied upon by way of set-off, and as to these demands we think the action of the Court cannot be sustained. They are pleaded in a very informal and inartificial manner; but the facts showing that they constitute legal and

San Francisco *v.* Lawton.

valid claims against the plaintiff are sufficiently stated.    So far as these claims can be supported by proof, the defendants are entitled to the benefit of them, and that they may not be deprived of any right which they possess, the judgment must be reversed.    We do not propose to investigate the merits of each of the several demands relied upon by the defendants ; it is enough for us that as to some of them the defendants are entitled to a hearing.

Judgment reversed, and cause remanded for a new trial.